UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALISHA WILLIAMS,

      Petitioner,

v.                                      Case No: 5:12-cv-498-Oc-29PRL

SECRETARY,           FLORIDA
DEPARTMENT  OF  CORRECTIONS
and     FLORIDA     ATTORNEY
GENERAL,

      Respondents.[1]

---

**ORDER OF DISMISSAL WITH PREJUDICE**

This matter comes before the Court upon Petitioner Alisha

Williams' (Petitioner's) petition for writ of habeas corpus (Doc.

#1) filed on August 30, 2012.[2]  The Court ordered Respondent to

---

[1]The proper Respondent in this action is the Secretary of the
Florida Department of Corrections.  Thus, the Florida Attorney
General will be dismissed from this action.  Rumsfield v. Padilla,
542 U.S. 426, 435-36 (2004); Sanders v. Bennet, 148 F.2d 19 (D.C.
Cir. 1945).

[2]The Court deems a petition "filed" by an inmate when it is
delivered to prison authorities for mailing.  Washington v. United
States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Absent evidence to
the contrary, the date of filing is assumed to be the date the
inmate signed the document.  Id.  If applicable, the Court  also
gives a petitioner the benefit of the state's mailbox rule with
respect to his state court filings when calculating the one-year
limitations period under 28 U.S.C. § 2244(d).  Under Florida's
inmate "mailbox rule," Florida courts "will presume that a legal
document submitted by an inmate is timely filed if it contains a
certificate of service showing that the pleading was placed in the
hands of prison or jail officials for mailing on a particular date,
if . . . the pleading would be timely filed if it had been received
and file-stamped by the Court on that particular date."  Thompson

show cause why the relief sought in the petition should not be

granted.   (Doc. #6.)   On December 2, 2012, Respondent filed a

limited response incorporating a motion to dismiss the habeas

petition as time-barred.[3]  (Doc. #8.)   Respondent submits exhibits

---

v. State, 761 So. 2d 324, 326 (Fla. 2000).

[3]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

(Exs. A-V) in support of the Response.   (See Appendix of Exhibits.)

Petitioner filed a reply on February 4, 2013.   (Doc. #8.)   This

matter is ripe for review.

    After carefully examining the petition, Respondent's motion

to dismiss, the state court record, and the applicable law, the

Court   concludes   that   the   petition   is   time-barred   under   the

provisions of 28 U.S.C. § 2244(d).

**I.**

    Petitioner challenges her 2008 conviction of second degree

felony murder, manslaughter and attempted robbery with a firearm.

(App. B.)   Petitioner's sentences and conviction were *per curiam*

affirmed   on   direct   appeal   on   April   28,   2009.     (Ex.   I.)

Consequently, Petitioner's state conviction became final on **July**

**27, 2009.**  See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme

Court of the United States, Rule 13.3 (ninety days after entry of

the judgment or order sought to be reviewed); see also Chavers v.

Sec'y Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006)(holding

entry of judgment, not issuance of mandate, is the event that

starts the running of time for seeking Supreme Court review).[4]

---

    pending shall not be counted toward any period of
    limitation under this subsection.

    [4]A conviction is deemed final upon "the conclusion of direct
review or the expiration of the time for seeking such review."   20
U.S.C. § 2244(d)(1)(A).   For purposes of direct review, Supreme
Court Rule 13.3 states, in pertinent part, that "[t]he time to
file a petition for a writ of certiorari runs from the date of

This was <u>after</u> the April 24, 1996, effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on **July 27, 2010**.[5] Consequently, the original Petition filed in this Court on August 30, 2012, would be untimely, unless Petitioner availed herself of one of the statutory provisions that extends or tolls the time period, or Petitioner can demonstrate that she is entitled to equitable tolling.  <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010).

   1.    **Tolling of Federal Limitations Period**

   Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Petitioner filed her first Rule 3.850(d) motion on September 14, 2010, **49 days** after the one-year AEDPA time period expired on July 27, 2010**.**   (Ex. M.) Petitioner's untimely post-conviction relief motion does not toll the AEDPA statute of limitations because the AEDPA limitations period had already expired.  "[W]here a state prisoner attempts to file post-conviction motions in state court after the AEDPA limitations period had expired, those attempted filings cannot

_____

entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

   [5]Applying "anniversary date of the triggering event."  <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008).

toll the limitations period because 'once a deadline has expired, there is nothing left to toll.'"   Jones v. Sec'y, Fla. Dep't of Corr., 499 F. App'x 945, 951 (11th Cir. 2012)(citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir.2004)); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition. . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

In addition, Petitioner waited **143 days** after the motion for rehearing was denied before filing the instant federal petition on September 6, 2012.  Because Petitioner's 3.850 motion was filed after the ADEPA statute of limitations had ran, the Petitioner is not entitled to statutory tolling.  The Petitioner concedes that the 3.850 motion is untimely but asserts that she is entitled to equitable tolling.  (Doc. #10.)

**2.   Equitable Tolling**

AEDPA's statutory limitations period may be equitably tolled. Holland, 560 U.S. at 645.  Equitable tolling applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences."  Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005).  The Eleventh Circuit has emphasized

that equitable tolling "is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling).

Here, Petitioner argues that she is entitled to equitable tolling because of extraordinary circumstances that were beyond her control.  (Doc. #10.)  Specifically, Petitioner alleges that her family hired an attorney for the purpose of filing her 3.850 motion but due to the attorney's fraud and negligence her motion became untimely.  (Doc. #1, p. 27.)  The Petitioner further claims she acted with due diligence in filing her 3.850 motion once she was made aware that the person hired was not filing Petitioner's 3.850 motion.  (Id.)

The Petitioner attaches as "Exhibit A" victim notification letters informing the Petitioner's family about the fraudulent conduct of the "attorney" they had hired to file Petitioner's 3.850 motion.  (Id. at pp. 28-34.)  The first letter is dated February 2, 2012, however Petitioner's untimely pro se Rule 3.850 motion was filed on September 14, 2010.  Consequently, the issue with the fraudulent "attorney" did not arise until **506 days** after Petitioner had filed her 3.850 motion.  Petitioner provides no argument as to why the Court should toll the **49 days** that lapsed between her

filing the Rule 3.850 motion and the expiration of the ADEPA period on July 27, 2010.

Furthermore, having received notice of the attorney's fraud on February 2, 2012, Petitioner still waited **143 days** after the motion for rehearing was denied before filing the instant federal petition on September 6, 2012.  Felton v. Florida, 153 F. App'x 620, 622 (11th Cir. 2005)(147-day delay  in filing federal habeas petition forecloses a finding that petitioner exercised the required due diligence.)   Accordingly, the ADEPA limitations period had lapsed well before this Petition was filed.

Additionally, Petitioner's allegations of lack of legal knowledge and confinement conditions are insufficient to establish extraordinary circumstances.   See  Cardona v. Sec'y, Dep't of Corr., No. 8:13-CV-2119-T-33, 2015 WL 1880765, at *3 (M.D. Fla. Apr. 24, 2015); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(neither an inmate's ignorance of the law nor the inadequacy of services of inmate law clerk who assisted in drafting a habeas petition entitled petitioner to equitable tolling of limitations period).

Petitioner  has  failed  to  articulate  extraordinary circumstances that would entitle her to equitable tolling of the federal limitations period.  See Lugo v. Sec'y Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014)(emphasizing a petitioner's burden in establishing entitlement to equitable tolling).  Consequently,

the Court finds that the instant Petition is untimely and Petitioner has failed to demonstrate a justifiable reason why the dictates of the one-year limitations period should not be imposed upon her.   Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED with prejudice as time-barred**.

2.   The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.   A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El   v.   Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations   and   internal   quotation   marks   omitted). Petitioner   has   not   made   the   requisite   showing   in   these circumstances.   Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

   **DONE** and **ORDERED** in Fort Myers, Florida on this   __21st__   day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: ftmp-2
Copies: All Parties of Record

- 9 -